IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-000050-F-1
No. 7:16-CV-00099-F

| | | |
|---|---|---|
| RANDY DARNELL CLINDING, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Randy Darnell Clinding's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-28]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Clinding's Motion to Vacate is ALLOWED.

In Clinding's Motion to Vacate, he argues that his sentence exceeds the maximum punishment under the law in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-28] at 4. Specifically, Clinding contends that his North Carolina convictions for attempted common law robbery, common law robbery, and discharging a weapon into occupied property are no longer valid predicate convictions for the Armed Career Criminal Act ("ACCA") or career offender status. *Id.*

In its Response, the Government refers to the Supreme Court's decisions in *Johnson*, 135 S. Ct. at 2551 (invalidating the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii)), and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that *Johnson* applies retroactively on collateral review). Resp. [DE-32] at 1. The Government maintains that Clinding's convictions for common law robbery and robbery with a firearm are violent felonies, but it

admits that Clinding's convictions for attempted common law robbery and discharging a weapon into an occupied building are no longer violent felonies under the ACCA. *Id.* at 2. The Government concedes that Clinding is no longer eligible for sentencing enhancement under 18 U.S.C. § 924(e) because he lacks the three predicate convictions. *Id.* The Government waives reliance on any procedural defenses and asks this court to vacate Clinding's sentence and hold a resentencing hearing. *Id.*

In light of the foregoing, including the Government's concessions, Clinding's Motion to Vacate [DE-28] is ALLOWED to the extent he challenges the § 924(e) enhancement.[1] Clinding's November 19, 2007 Judgment [DE-19] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement.

SO ORDERED.

This, the 21 day of June, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] Clinding's status as a career offender had no impact on his guideline range. *See* PSR at 11, ¶¶ 45, 48. Therefore, Clinding's challenge to his career offender status is DISMISSED as moot.